UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br>vs.<br><br>SIMON GLENN,<br><br>                      Defendant. | 5:14-CR-50115-JLV<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR BILL OF PARTICULARS AND REQUEST FOR GRAND JURY TRANSCRIPT (DOCS. 19 AND 29) |

**INTRODUCTION**

On November 19, 2014, Mr. Glenn was charged in an indictment with Felony Child Abuse and Neglect. On April 3, 2015, Mr. Glenn filed a motion for a bill of particulars and request for grand jury transcripts. (Doc. 19). On April 23, 2015, Mr. Glenn filed a motion for release of grand jury transcripts and request for hearing. (Doc. 29). On July 1, 2015, the District Court referred this matter to the magistrate judge for resolution. (Doc. 41). A hearing on the motion was held on Monday, August 24, 2015.

At this time, the only available description of the case comes from the defendant's motion. Mr. Glenn states that, on November 5, 2013, he was cleaning a hunting rifle and accidentally shot and killed his child. (Doc. 19 at p. 2). Law enforcement interviewed witnesses and all witnesses state that the shooting was an accident. (Doc. 19 at p. 2). On the day of the shooting, Mr. Glenn produced a blood sample that registered some amount of THC. (Doc. 19 at p. 2, FN 3).

1

Mr. Glenn was indicted for Felony Child Abuse and Neglect which is a violation of 18 U.S.C. § 1153 and SDCL § 26-10-1. There is no federal offense for child abuse, so Mr. Glenn was charged under South Dakota Law which states that "[a]ny person who abuses, exposes, tortures, torments, or cruelly punishes a minor in a manner which does not constitute aggravated assault, is guilty of a Class 4 felony. If the victim is less than seven years of age, the person is guilty of a Class 3 felony." SDCL § 26-10-1.

Mr. Glenn seeks an order from this Court directing the government to provide him with a bill of particulars and grand jury transcripts. He argues that the indictment is legally sufficient[1], but does not provide him with sufficient notice of the government's allegations to allow him to prepare an adequate defense to the indictment. The defendant seeks "the government's designation of the precise act or actions which the government alleges [Mr. Glenn] committed so as to violate SDCL 26-10-1 and, particularly the portion of that broad statute it is alleged he violated." (Doc. 26 at p. 2-3).

The defense argues that it is unclear whether the prosecution will allege that Mr. Glenn abused, exposed, tortured, tormented or cruelly punished his child. Even assuming that the government will allege he "exposed" his child to some action, the defendant does not know whether the government plans to present a theory that he "exposed" his child to the way he cleaned his gun, the fact that he had marijuana in his system, or cleaning his gun in the presence

---

[1] In his reply brief, Mr. Glenn states, "[d]efendant Glenn is not contesting the sufficiency of the indictment lodged in his case." (Doc. 26 at p.1). However, in his second motion, Mr. Glenn argues "[i]f the indictment fails to allege and the Grand Jury failed to determine that the defendant acted knowingly, it is deficient as a matter of law." (Doc. 29 at p.4).

2

of a child. (Doc. 26 at p. 2). "Without such clarification the defense is faced with the proposition of retaining multiple experts—a doctor, gun safety expert, a toxicologist, and/or a statistician—in order to prepare to refute the" many theories of prosecution the government has available. (Doc. 26 at p. 3).

With regard to the grand jury transcripts, the defendant claims the transcripts are necessary to a forthcoming motion to dismiss the indictment. The defendant alleges that he is entitled to receive the transcripts because the statute is expansive and "it is of paramount importance to know the theory that was presented to the Grand Jury in securing an indictment." (Doc. 26 at p. 4). The defense is seeking disclosure of any statements that may be "relevant to any possible defense or contention" that he might assert, including attacking the indictment for vagueness or overbreadth. (Doc. 26 at p. 4-5). Finally, defendant claims that the indictment fails to state an offense because the grand jury did not find that he had the appropriate *mens rea*. Defendant doubts that the grand jury was instructed on the *mens rea* requirement and thus, the indictment is defective. (Doc. 29 at p. 4-5). He is seeking disclosure of the grand jury transcripts to find out whether the grand jury was instructed on the *mens rea* required for the offense.

The government argues that the indictment is legally sufficient and the motion for the bill of particulars should be denied. (Doc. 25). The government has provided the defendant with essentially "open" discovery "of all information in its possession, and will continue to provide the same on an ongoing basis to the extent new information becomes available." (Doc. 25 at p. 3). The discovery

3

the government is providing informs the defendant of "the details of the crime alleged in the Indictment." (Doc. 25 at p. 3-4).

As to the grand jury transcripts, the government argues that a grand jury transcript is not subject to discovery and is not required by Rule 16 of the Federal Rules of Criminal Procedure or the Jenks Act, 18 U.S.C. Section 3500. (Doc. 25 at p. 4). While the transcripts may be disclosed under certain circumstances authorized by Rule 6 of the Federal Rules of Criminal Procedure, "a long established policy" maintains the secrecy of the transcripts. (Id.) Bare allegations that the transcripts should be disclosed is insufficient to show a "particularized need" that "disclosure is necessary to avoid injustice." (Doc. 25 at p. 5) and the defendant has not shown a specific defect to warrant disclosure. (Doc. 34 at p. 3). The defendant seeks disclosure of the grand jury transcripts because a ground may exist to dismiss the indictment, but fails to allege that a ground may exist due to a defect that occurred before the grand jury. (Doc. 25 at p. 5).

## DISCUSSION

### I. Bill of Particulars

Mr. Glenn seeks an order from this Court directing the government to provide him with a bill of particulars. An indictment must be "a plain, concise, and definite written statement of the essential facts constituting the offense charged...." Fed. R. Crim. P. 7(c)(1). Federal Rule of Criminal Procedure 7(f) states that the Court "may direct the government to file a bill of particulars." The defendant may move for a bill of particulars if he believes "that an

4

indictment does not provide enough information to prepare a defense." United States v. Huggans, 650 F.3d 1210, 1220 (2011) (citing United States v. Livingstone, 576 F.3d 881, 883 (8th Cir. 2009)). The indictment should include the elements of the offense and the "specific facts constituting the offense." United States v. Johnson, 225 F.Supp.2d 982 (N.D. Iowa 2002).

"The purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and avoid or minimize the danger of a surprise at trial." Id. A bill of particulars "is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." Huggans, 650 F.3d at 1220. The Court has broad discretion whether to order the government to provide a bill of particulars. United States v. Key, 717 F.2d 1206, 1210 (8th. Cir. 1983). The Court should grant the motion if necessary to "prevent unfair surprise at trial." United States v. Maull, 806 F.2d 1340, 1345 (8th Cir. 1986). The Court must "strike a 'prudent balance' between the legitimate interest of the government and defendant." United States v. Nelson, CR. 11-40037, 2011 WL 2160471, *1 (D.S.D. June 1, 2011) (quoting United States v. MacFarlane, 759 F.Supp. 1163, 1169 (W.D.Pa. 1991)).

A bill of particulars is not required if the defendant can access the necessary detail from another satisfactory source. Johnson, 225 F.Supp.2d at 994. This source can take several forms including responsive pleadings from the government and an open file policy. An open file policy is not always sufficient to provide the defendant with enough detail on the charge. Id. at

1003. This is especially true if the "open file" is voluminous and complex. Id. (continuing criminal enterprise lasted more than eight years, involved numerous participants, and various predicate offenses).

In Huggans, the government's case relied heavily on testimony of co-conspirators. 650 F.3d 1210 (8th Cir. 2011). The defendant requested a bill of particulars for specifics of co-conspirator testimony because "he could not tell from the indictment who were his alleged co-conspirators, when or where the charged conduct occurred, or what were the scope and activities of the alleged conspiracy." Huggans, 650 F.3d at 1220. Moreover, the defendant argued he was "unable to anticipate the scope of the case the government would seek to prove on the attempt [to possess with intent to distribute cocaine] charge because the indictment referenced a time frame of six-weeks as opposed to a few days, and did not describe the conduct that comprised the 'substantial step' he allegedly took in furtherance of the attempt." Id. The government had already provided the defense with responses to pre-trial motions that described its theory of the case and provided the defendant with considerable discovery. The government provided "virtually every piece of information sought in Huggans' two motions for a bill of particulars. The court found that these disclosures were sufficient in enabling Huggins to "understand the nature of the charges, prepare a defense, and avoid unfair surprise." Id; See also United States v. Thetford, CR 11-30159-RAL, 2013 WL 5408453 (D.S.D Sept. 24, 2013) (the defendant received extensive discovery of the specific conduct and facts relating to the charges).

The indictment here is completely devoid of facts. Unlike in <u>Huggans</u> where the government provided necessary details in responses to pre-trial motions, the case at bar lacks any pre-trial motions that have elicited any descriptive responses from the government. Though this case is likely not nearly as complex as the one in <u>Johnson</u>, without more information to help shape his defense, the defendant would likely be surprised at trial and would be prejudiced if he did not guess correctly which actions he did or did not take that constitute the specific offense. At the August 24 hearing, the government confirmed that the charges against Mr. Glenn stem from the "exposed" language in the statute. However, the Court is not satisfied that this provides the defendant with sufficient detail to defend against the charge. The motion for a bill of particulars is granted and the government must provide Mr. Glenn with a bill of particulars stating the specific action or actions Mr. Glenn is accused of taking which caused harm to his child.

## II.     Grand Jury Transcripts

Mr. Glenn seeks production of the grand jury transcripts in order to determine whether grounds may exist to dismiss the indictment based on what the grand jury was or was not told regarding the *mens rea* requirements, scope, and definitions of S.D.C.L. § 26-10-1. He argues that he be permitted to inspect the grand jury transcripts because there may be a ground for dismissing the indictment for failure to state an offense because the prosecution may not have instructed the grand jury to consider a *mens rea* requirement. (Doc. 29 at p. 2). Another reason defendant alleges he should be permitted to inspect grand jury

7

transcripts is because the term "expose" in SDCL 26-10-1 is vague and ambiguous and the rule of lenity requires that the Court construe the term in favor of the defendant. (Doc. 29 at p. 4).

Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) allows for disclosure of grand jury transcripts by the court "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Grand jury transcripts are "generally not discoverable on pretrial motion." United States v. Pelton, 578 F.2d 701,709 (8th Cir. 1978). A defendant must make a showing of "particularized need" for the transcripts. United States v. Broyles, 37 F.3d 1314, 1318 (8th Cir. 1994). This need is demonstrated "by the presentation of 'specific evidence of prosecutorial overreaching.'" United States v. Finn, 919 F.Supp. 1305, 1327 (D.Minn. 1995) (quoting United States v. Lame, 716 F.2d 515, 518 (1983)).

"An indictment returned by a legally constituted an unbiased grand jury, like an information drawn by a prosecutor, if valid on its face, is enough to call for trial of the charge on the merits." Finn, 919 F.Supp. at 1327. The district court may use its "supervisory power" to dismiss an indictment because of "misconduct before the grand jury, at least where that misconduct amounts to a violation of one of those few clear rules which were carefully drafted and approved by this Court and by Congress to ensure the integrity of the grand jury's functions." United States v. Clark, Crim. No. 11-032 (JRT/LIB), 2011 WL 2015224, *2 (D.Minn. Apr. 15, 2011) (quoting United States v. Williams, 504 U.S. 36, 46 (1992).

8

An indictment "must set forth the essential elements of the offense charged." United States v. Denmon, 483 F.2d 1093, 1095 (8th Cir. 1973). An indictment is insufficient if it fails to set forth the essential elements is insufficient. Id. Merely citing to the charging statute is not enough to fix the deficiency of a missing essential element. United States v. Zangger, 848 F.2d 923, 925 (8th Cir. 1998) (indictment charging man for sending an allegedly obscene video was missing the essential element of "obscenity"). "[T]here could be no assurance that the grand jury would indict if it had not considered all of the essential elements of the crime." Denmon, 483 F.2d at 1095; see also Zangger, 848 F.2d at 925 ("the wording of the indictment contains no assurance that the grand jury deliberated or even considered whether the videotape…was obscene").

Furthermore, the prosecution has no duty to give the grand jury legal instructions. Zangger 848 F.2d at 925 (challenged portion of the indictment should not be dismissed because the prosecutor did not instruct the grand jury on the "applicable law" of obscenity); see also United States v. Warren, 16 F.3d 247, 252 (8th Cir. 1994) (defendant claimed the prosecutor erroneously instructed the grand jury on an element of the charged offense and, while the prosecutor did accurately instruct the jury, the prosecutor had no obligation to give the grand jury legal instructions or outline the elements of the crime "as long as the elements are at least implied and the instructions are not flagrantly misleading").

9

Mr. Glenn has not alleged any prosecutorial misconduct and thus, has not alleged a particularized need for the grand jury transcripts. Mr. Glenn is concerned the grand jury was not properly instructed on the *mens rea* required. The transcripts will be of no assistance to Mr. Glenn in a forthcoming motion to dismiss, because if the indictment is insufficient because it lacks an essential element of the offense, it is immaterial what the grand jury was told as the insufficiency would be evident from the face of the indictment. The motion for grand jury transcripts is denied.

## CONCLUSION

It is hereby

ORDERED that Simon Glenn's motion for a bill of particulars (Doc. 19) is granted. It is further

ORDERED that Simon Glenn's motion for grand jury transcripts (Doc. 19 and Doc. 29) is denied.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CRIM. P. 58 (g)(2), 59(a). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. FED. R. CIM. P. 59(a). Objections must be timely and specific in order to require review by the district court.

DATED this 17th day of September, 2015.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge