UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>SIMON GLENN,<br><br>　　　　　Defendant. | 5:14-CR-50115-JLV<br><br>ORDER DENYING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS (DOC. 89) |

## INTRODUCTION

Defendant, Simon Glenn, filed a motion to compel the government to turn over certain discovery. (Doc. 89). This motion to compel was located in Mr. Glenn's reply brief in support of the motion to dismiss Count II of the Superseding Indictment on the basis of vindictive prosecution.

## FACTS

The facts of this case are set out in the Report and Recommendation concerning the defendant's motion to dismiss Count I of the Superseding Indictment on the basis of unconstitutional vagueness (Doc.125). In his motion for discovery (Doc. 89), Mr. Glenn requested an order compelling the government to provide:

1. Any and all prosecutorial memos (analyzing the facts, potential charges, recommendations regarding charges, seeking approval or charges, or updates regarding the same) that have been drafted or completed in this case, internal or otherwise;

2. Any memorialization of, or notes pertaining to plea negotiations;

3. Any emails, notes or memorialization of charging decisions or charging options regarding this case (outside the prosecutorial memos); and

4. The Grand Jury Transcripts.

## DISCUSSION

### I. Whether Mr. Glenn is Entitled to Discovery of Internal Government Memoranda to Support his Vindictive Prosecution Claim

Mr. Glenn argues the requested items of discovery would serve to prove or disprove the United States Attorney's intent in adding Count II of the Superseding Indictment. He does not address Federal Rule of Criminal Procedure 16(a)(2) and its bar to discovery of internal government documents. The United States argues that internal government documents relating to charging decisions, notes or emails relating to plea negotiations are excluded from discovery by Rule 16(a)(2) of the Federal Rules of Criminal Procedure. The United States also argues that there is a stringent standard for obtaining discovery in vindictive prosecution claims and the requested discovery is protected by the deliberative process privilege.

Federal Rule of Criminal Procedure 16(a)(2) states, "[e]xcept as permitted by Rule 16(a)(1)(A)-(D), (F), and (G), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." The sections excepted from this subsection relate to (A) Defendant's Oral Statement, (B) Defendant's Written or Recorded Statement, (C) an Organizational Defendant, (D)

2

Defendant's Prior Record, (F) Reports of Examinations and Tests and (G) Expert Witnesses.

Mr. Glenn is barred from receiving his requested discovery (except for the grand jury transcripts) under the plain language of Federal Rule of Criminal Procedure 16(a)(2).  The defendant did not present, and the court has not found any cases in which a defendant was granted discovery of these protected materials for a vindictive prosecution claim.  In fact, in United States v. Carron, a case to which the defendant cites for the proposition that he must show a "colorable basis" to receive discovery for his vindictive prosecution claim, the court rejected the defendant's request for discovery of "records, orders, regulations, and communications issued by the Department of State and the Immigration & Naturalization Service regarding the defendants and the decision to prosecute them." 541 F.Supp. 347, 349 (W.D. NY 1982).  This rejection was based in part on Rule 16(b)(2).  Id. at 349.  While the court did permit the defendants some discovery, the defendants were only entitled to "non-privileged information" which was essentially limited to statistical data requested by defendants and did not include documents relating to the decision to prosecute them.  Id. at 350.  Thus, Mr. Glenn is not entitled to discovery of items 1, 2 or 3.

## II.     Whether Mr. Glenn is Entitled to the Grand Jury Transcripts

Mr. Glenn requested that this court order production of the grand jury transcripts.  He claims that he is entitled to the transcripts because they are "relevant and discoverable to meet any argument by the prosecutor that the

3

additional Count II was charged as a result of 'newly discovered evidence.'" (Doc. 89 at p. 3). The United States does not appear to address the transcripts in its response.

Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) allows for disclosure of grand jury transcripts by the court "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." A defendant must make a showing of "particularized need" for the transcripts. United States v. Broyles, 37 F.3d 1314, 1318 (8th Cir. 1994). This need is demonstrated "by the presentation of 'specific evidence of prosecutorial overreaching.'" United States v. Finn, 919 F.Supp. 1305, 1326 (D.Minn. 1995) (quoting United States v. Lame, 716 F.2d 515, 518 (1983)). A particularized need is more than a "bare allegation." United States v. Broyles, 37 F.3d 1314, 1318 (8th Cir. 1994).

As a consequence of the need to show specific evidence of prosecutorial overreaching, "a defendant who has not pointed to anything in the record which might suggest that the prosecution has engaged in improper conduct before the grand jury has failed to carry his burden." Finn, 919 F.Supp at 1326 (internal quotations omitted) citing Lame, 716 F.2d at 518) (the alleged misconduct of the prosecutor in not presenting exculpatory evidence and potentially providing the jury with improper legal instruction were not grounds on which to receive the grand jury transcripts because the court would not dismiss the indictment on these grounds). The government may not "engage in fundamentally unfair tactics or deliberately mislead the jury. He may not . . .

4

introduce evidence that he knows to be perjured, or conceal substantial evidence negating guilt." Lame, 716 F.2d at 518 (other citations omitted).

In Broyles, the defendant requested disclosure of the grand jury transcripts to show "that the grand jury considered improperly or illegally obtained evidence." Id. at 1318.  The court rejected this request because the defendant failed to show particularized need.  "[A] bare allegation that the records of a grand jury are necessary to determine if there may be a defect in the grand jury process does not satisfy the particularized need requirement." Id.  (citing United States v. Warren, 16 F.3d 247, 253 (8th Cir. 1994)).

Mr. Glenn claims that the grand jury transcripts are necessary to "meet any argument by the prosecutor that . . . Count II was charged as a result of newly discovered evidence." (Doc. 89 at p. 3)  (internal quotations omitted). However, it appears from the United States' response to the motion to dismiss that the government is not claiming there was any new evidence (See Doc. 97 at p. 7, 9 and 10).  In any case, Mr. Glenn has not shown a particularized need for the grand jury transcripts because he has not presented specific evidence of prosecutorial overreaching in front of the grand jury. Mr. Glenn's motion is denied as to the grand jury transcripts.

## CONCLUSION

Based on the foregoing law and analysis, it is hereby

ORDERED that defendant Simon Glenn's motion to compel (Doc. 89) is denied.

5

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CRIM. P. 58(g)(2); 59(a). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. FED. R. CRIM. P. 59(a). Objections must be timely and specific in order to require review by the district court.

Dated January 23, 2017.

BY THE COURT:

DANETA WOLLMANN
UNITED STATES MAGISTRATE JUDGE